CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRENDA K. PURDY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:08CV00367 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMPASS GROUP, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

On June 9, 2008, the plaintiff, Brenda K. Purdy, proceeding pro se, filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Because the plaintiff was granted the right to proceed in forma pauperis, the court is required to review the plaintiff's complaint to determine whether it should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under the Federal Rules of Civil Procedure, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a)(2). Stated differently, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

By order entered August 22, 2008, the court advised the plaintiff that her complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Although the plaintiff filed her complaint using a court-generated form, most of the form is incomplete. The plaintiff does not identify her specific employer, the individuals involved in her discharge, or the reasons given for her discharge. While the plaintiff indicates that she believes that she was fired for "report[ing] sexual harassment," she provides no additional information regarding the circumstances on which her claim is based.

The plaintiff was given ten days in which to amend her complaint to particularize the facts supporting her claim for employment discrimination. The court advised the plaintiff that her complaint would be subject to dismissal if she failed to amend the complaint within the ten-day period.

The plaintiff subsequently requested an extension of time in which to file a response to the August 22, 2008 order. On September 8, 2008, the court granted the plaintiff's motion for extension of time and directed the plaintiff to file her response on or before October 8, 2008. As of this date, the court has received no further submissions from the plaintiff.

Having reviewed the plaintiff's complaint, the court remains convinced that it fails to comply with the notice pleading requirements of the Federal Rules of Civil Procedure. Simply stated, the plaintiff's "conclusory allegation[] of discrimination . . . [does] not state a claim upon which relief can be granted." Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). Accordingly, the court will dismiss the case, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 30th day of October, 2008.

/s/ *Glen E. Conrad*
United States District Judge